# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CODY AUCOIN

### DEFENDANTS
CLHG-ACADIAN LLC d/b/a ACADIAN MEDICAL CENTER & A. SMITH, R.N.

**(b)** County of Residence of First Listed Plaintiff: Saint Landry Parish
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Saint Landry Parish
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |  |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [x] 320 Assault, Libel & Slander |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine |  | [ ] 840 Trademark | [ ] 460 Deportation |
|  | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability |  |  | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) |  |
|  |  | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act |  | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability |  | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  |  | [ ] 550 Civil Rights |  |  |
|  | [ ] 448 Education / [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1030

Brief description of cause:
Breach of Hippa and privacy rights.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/16/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CODY AUCOIN** § | | CIVIL ACTION NO: |
| § | | |
| § | | JUDGE: |
| Petitioner, § | | |
| v. § | | MAGISTRATE JUDGE: |
| § | | |
| **CLHG-ACADIAN LLC d/b/a ACADIAN** § | | JURY TRIAL DEMANDED |
| **MEDICAL CENTER & A. SMITH, R.N.** § | | |
| § | | |
| Defendants. § | | |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Cody Aucoin, who, with full reservation of rights to plead further herein, respectfully avers as follows:

### I. PARTIES

1. Plaintiff made herein is Cody Aucoin (hereinafter referred to as **"Mr. Cody Aucoin"**), who is a single person of the full age of majority, residing and domiciliary of Saint Landry Parish, Louisiana.

2. Made Defendants herein are the following:

    a. **CLHG-ACADIAN LLC d/b/a ACADIAN MEDICAL CENTER** (herein after referred to as "**Acadian Medical Center**"), a domestic limited liability company domiciled in Bossier Parish, Louisiana, authorized to do and doing business in this State, who may be duly cited and served through its registered agent, Jimmy Hall, 3800 Viking Drive, Bossier City, LA 71111;

1

b. **NURSE A. SMITH, R.N. ,** who is a single person of the full age of majority, residing and domiciliary of Saint Landry Parish, Louisiana.

c. hereinafter collectively referred to as "Defendants."

3. That said Defendants are justly and truly indebted unto the petitioners made Plaintiff in Section I, paragraph I, *individually*, *jointly and in solido*, for such damages as will fully and fairly compensate petitioner, all right with legal interests thereon from the date of judicial demand until paid, for costs of expert witnesses retained, for attorney fees, and for all costs of these proceedings for the following reasons, set forth in Section IV.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under the Computer Fraud and Abuse Act (CFAA) – 18 U.S.C. § 1030. This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 2724., and 28 U.S.C. § 1367(a) because the claims arising under the laws of Louisiana are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, the material misrepresentations and fraudulent acts occurred, and a substantial part of property that is the subject of the action is situated in, St. Landry Parish, Louisiana.

## III. STATEMENT OF FACTUAL ALLEGATIONS

6. Acadian Medical Center is an accredited medical facility conveniently located in Eunice, Louisiana. Our mission is making communities healthier.

7. In fact, Acadian Medical Center advertises on its own website that "our highly trained healthcare professionals work hard every day to achieve this goal."

8. Mr. Cody Aucoin is a forty-year-old male, who lives in Eunice, Louisiana.

9. Mr. Cody Aucoin was first admitted on or about October 23, 2020 at Acadian Medical Center, for medical issues. During that time, Mr. Cody Aucoin signed a "Consent of Services" form, which noted the following: "NOTICE OF PRIVACY PRACTICES: I understand and have been provided with a Notice of Privacy Practices that provides a more complete description of my health care information uses and disclosures." However, upon information and belief, Mr. Cody Aucoin never received or signed such a form.

10. On or about August 25, 2023, Mr. Cody Aucoin was admitted at Acadian Medical Center, for medical issues. Again, Mr. Cody Aucoin signed a "Consent of Services" form, which also has the same section, with the same notice of privacy practices. There does exists a difference in the August 2023 "Consent of Services" wherein there is exists a box for the Signature of Patient is required to affirmatively sign off and/or check off. However, Mr. Cody Aucoin never received or signed the August 2023 "NOTICE OF PRIVACY PRACTICES" and the check box is left blank in the August 2023 "Consent of Services".

11. On or about September 26, 2023, Mr. Cody Aucoin was admitted at Acadian Medical Center, for medical issues involving surgical needs regarding the pain surrounding his left lower quadrant. Again, Mr. Cody Aucoin signed a "Consent of Services" form, which also has the same section, with the same notice of privacy practices. Mr. Cody Aucoin signed a "Consent of Services" form, which noted the following: "NOTICE OF PRIVACY PRACTICES: I understand and have been provided with a Notice of Privacy Practices that provides a more complete description of my health care information uses and disclosures."

12. In the September 2023 "Consent of Services" Mr. Cody Aucoin signed the September 2023 "NOTICE OF PRIVACY PRACTICES" and the checked box is left blank in the September

3

2023 "Consent of Services". However, upon information and belief, Mr. Cody Aucoin never received or signed such a form.

13. On or about October 3, 2023, Mr. Cody Aucoin was admitted for ambulatory surgery to have a laparoscopic or open inguinal hernia repair for the purposes of repairing a defect in the abdominal wall in the groin.

14. Per policy and procedure of Acadian Medical Center, a Surgical Service Interdepartmental Hand Off Report must be created whenever participating healthcare providers give direct communications between health care providers about the patient's care, treatment, service, current condition and recent or anticipated changes, and there was also an opportunity that was given to ask and respond to questions.

15. On or about October 3, 2023, the Pre-Operative Nurse C. Medustin handed over Mr. Cody Aucoin to Receiving Nurse A. Smith, R.N., on or about 10:51 a.m.

16. Thereafter, Receiving Nurse A. Smith, R.N., who is also the operating nurse, dressed Mr. Cody Aucoin.

17. After the surgery, Mr. Cody Aucoin returned to his residence to recover and rest.

18. Shortly thereafter, on or about October 19, 2023, Mr. Cody Aucoin went to see longtime friend on a social call. During this visit, he became uncomfortable because the friend's grandchildren kept on pointing and whispering amongst themselves.

19. His longtime friend noticed and then requested the grandchildren to leave the room and to go play outside, which they did.

20. Mr. Cody Aucoin was then informed by his longtime friend that the operating nurse who dressed him on October 3, 2023, had been going around telling people about private healthcare information around the groin/genitalia area of his body.

21. At this point, Mr. Cody Aucoin became mortified that such personal information of his was disclosed to third parties when the only interaction he had with Nurse A. Smith, R.N., was that for recent surgery on October 3, 2023.

22. Upset, and feeling violated, Mr. Cody Aucoin drove to Acadian Medical Center to file a grievance against the nurse for disclosing his personal healthcare information to third-parties in a nonmedical setting.

23. The Health Insurance Portability and Accountability Act ("HIPAA") of 1996, Public Law 104-191, included "Administrative Simplification" provisions that required HHS to adopt national standards for electronic health care transactions.

24. At the same time, Congress recognized that advances in electronic technology could erode the privacy of health information.

25. Consequently, Congress incorporated into HIPAA provisions that mandated the adoption of Federal privacy protections for individually identifiable health information. In response to the HIPAA mandate, HHS published a final regulation in the form of the Privacy Rule in December 2000, which became effective on April 14, 2001.

26. The HIPPA Privacy Rule standards address the use and disclosure of individuals' Protected Health Information ("PHI") by organizations subject to the Privacy Rule. This Privacy Rule set national standards for the protection of health information, as applied to the three types of covered entities: health plans, health care clearinghouses, and health care providers who conduct certain health care transactions electronically.

27. As such, the Privacy Rule generally prohibits a covered entity from using or disclosing protected health information unless authorized by patients, except where this prohibition would result in unnecessary interference with access to quality health care or with certain other

important public benefits or national priorities. Ready access to treatment and efficient payment for health care, both of which require use and disclosure of protected health information, are essential to the effective operation of the health care system.

28. As a health care provider, such as Acadian Medical Center, under the HIPAA Privacy Rule, was required to provide patients, like Mr. Cody Aucoin, with a Notice of Privacy Practices (NPP) and responding to their requests for access, amendments, accounting of disclosures, restrictions on uses and disclosures of their health information, and confidential communications.

29. Further, HIPAA requires covered entities like Acadian Medical Center to protect against reasonably anticipated threats to the security of PHI. Covered entities must implement safeguards to ensure the confidentiality, integrity, and availability of PHI. Safeguards must include physical, technical, and administrative components.[1]

30. Title II of HIPAA contains what are known as the Administrative Simplification provisions. 42 U.S.C. §§ 1301, *et seq.* These provisions require, among other things, that the Department of Health and Human Services ("HHS") create rules to streamline the standards for handling Private Information like the data Acadian Medical Center left unguarded. The HHS has subsequently promulgated five rules under authority of the Administrative Simplification provisions of HIPAA.

31. The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, also required Acadian Medical Center to provide notice of the breach to each affected individual "without unreasonable delay and in no case later than 60 days following discovery of the breach."[2]

---

[1] What is Considered Protected Health Information Under HIPAA?, HIPPA JOURNAL, https://www.hipaajournal.com/what-is-considered-protected-health-information-under-hipaa/.
[2] Breach Notification Rule, U.S. DEP'T HEALTH & HUMAN SERVS., https://www.hhs.gov/hipaa/for-professionals/breach-notification/index.html.

6

32. Acadian Medical Center's breach resulted from a combination of insufficiencies that demonstrate Defendants failed to comply with safeguards mandated by HIPPA regulations including, but not limited to, the following:

- Failing to ensure the confidentiality and integrity of electronic protected health information that Defendant creates, receives, maintains, and transmits in violation of 45 C.F.R. §164.306(a)(1);

- Failing to implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1);

- Failing to implement policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 C.F.R. §164.308(a)(1);

- Failing to identify and respond to suspected or known security incidents; mitigate, to the extent practicable, harmful effects of security incidents that are known to the covered entity in violation of 45 C.F.R. § 164.308(a)(6)(ii);

- Failing to protect against any reasonably anticipated uses or disclosures of electronically protected health information that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 C.F.R. §164.306(a)(3);

- Failing to ensure compliance with HIPAA security standard rules by their workforce in violation of 45 C. F.R. §164.306(a)(94);
- Impermissibly and improperly using and disclosing protected health information that is and remains accessible to unauthorized persons in violation of 45 C. F.R. §164.502, *et seq*.;

- Failing to effectively train all members of their workforce (including independent contractors) on the policies and procedures with respect to protected health information as necessary and appropriate for the members of their workforce to carry out their functions and to maintain security of protected health information in violation of 45 C.F.R. §164.530(b) and 45 C.F.R. §164.308(a)(5); and

- Failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard protected health information, in compliance with 45 C.F.R. §164.530(c).

33. In addition to their obligations under state laws and regulations, Acadian Medical Center owed a common law duty to Mr. Cody Aucoin to protect his private information entrusted to it, including to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Private Information in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized parties.

34. Further, Mr. Cody Aucoin would not have obtained services from Acadian Medical Center had Defendant told them that it failed to properly train its employees, lacked safety controls over its computer network, and did not have proper data security practices to safeguard their Private Information from theft.

35. Mr. Cody Aucoin did not receive the full benefit of the bargain, and instead received services that were of a diminished value to that described in their agreements with Acadian Medical Center.

36. Mr. Cody Aucoin would not have obtained services from Acadian Medical Center had Defendant told him that it failed to properly train its employees, lacked procedures to notify of notices, lacked safety controls over its computer network, and did not have proper data security practices to safeguard his Private Information from theft.

37. The Private Information belonging to Mr. Cody Aucoin is private, private in nature, and was left inadequately protected by Acadian Medical Center, who did not obtain his consent to disclose such Private Information to any other person as required by applicable law and industry standards.  Acadian Medical Center, through its employees and agents, disclosed information about Plaintiff that was of an extremely personal, sensitive nature as a direct result of its inadequate security measures and improper training of its employees.

38. This breach was a direct and proximate result of Defendants' failure to (a) properly safeguard and protect Mr. Cody Aucoin Private Information from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and common law; (b) establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Mr. Cody Aucoin's Private Information; and (c) protect against reasonably foreseeable threats to the security or integrity of such information.

39. Defendant had the resources necessary to prevent the Data Breach, but neglected to adequately implement data security measures, despite its obligation to protect customer data.

40. Acadian Medical Center did not properly train its employees to identify and avoid breaches of HIPPA disclosures. Acadian Medical Center did not properly train its employees to be familiar the HIPPA and PHI rules and regulations.

41. As a result of the operating nurse's actions and or omissions, the initial shock and subsequent duress caused Mr. Cody Aucoin to physically move in a manner not advised after surgery—that further somewhat, *inter alia*, delayed his road to recovery.

42. In the days, following the incident, Mr. Cody Aucoin suffered personal, mental, and bodily injuries. Plaintiff retained the undersigned counsel shortly thereafter.

43. As a result of Defendant's failures to prevent the Data Breach, Plaintiff have suffered, will suffer, and are at increased risk of suffering:

44. The compromise, publication, theft and/or unauthorized use of his Private Information; Out-of-pocket costs associated with the prevention, detection, recovery and remediation from identity theft or fraud;

45. The continued risk to his Private Information, which remains in the possession of Defendant and is subject to further breaches so long as Defendant fails to undertake appropriate measures to protect the Private Information in its possession;

46. Current and future costs in terms of time, effort and money that will be expended to prevent, detect, contest, remediate and repair the impact of the unlawful disclosure for the remainder of the lives of Plaintiff; and

47. Anxiety and distress resulting fear of misuse of his Private Information.

48. Mr. Cody Aucoin met with hospital officials regarding the disclosure of his private health-care information.

49. On or about November 7, 2023, Mr. Cody Aucoin received a letter from Ms. Kalyn Williams, the Privacy Officer of Acadian Medical Center, who wrote as follows:

    I am writing to you with important information about a recent inadvertent Disclosure of your health information. We became aware of this disclosure on or about October 19, 2023.

    After investigation we have determined there was external unauthorized Disclosure of your health information and appropriate action has been taken. In order to correct this issue we have counseled our staff in accordance with AMC policies and procedures.

50. At all times relevant herein, Mr. Cody Aucoin did not give either Acadian Medical Center or its employee, Nurse A. Smith, R.N., permission to disclosure his personal healthcare information to third-parties for nonmedical reasons or any other reason without his express permission.

51. At all times relevant herein, Mr. Cody Aucoin did not know Nurse A. Smith, R.N., aside from her being his health care provider through Acadian Medical Center.

## IV. CAUSES OF ACTION

52. The foregoing Defendants are liable unto the Plaintiff, Mr. Cody Aucoin, for acts, omissions, and representations of the nature which justify the damages to Plaintiff for the following reasons, to wit:

**Count One—Violations of 18 U.S.C. § 1030 – Computer Fraud And Abuse Act (CFAA)**

53. Plaintiff incorporates the abovementioned paragraphs 1 through 52 by reference as though fully set forth herein.

54. Upon information and belief, Defendant, Nurse A. Smith, R.N., individually violated 18 U.S.C. § 1030 by soliciting, obtaining and/or using the information derived from the Mr. Cody Aucoin's Protected Health Information in the absence of a permissible use.

55. Upon information and belief, Defendant, Nurse A. Smith, R.N., intentionally accessed a computer without authorization or exceeding authorized access, and thereby obtained Mr. Cody Aucoin's Protected Health Information from the protected computer in the absence of a permissible use.

**Count Two—Negligence & Negligent Supervision**

56. Plaintiff incorporates the abovementioned paragraphs 1 through 55 by reference as though fully set forth herein.

57. Louisiana Civil Code article 2315 provides the "[e]very act whatever of an that causes damage to another obliges him by whose fault. It happened to repair it."

58. Defendant also had a duty under HIPAA privacy laws, which were enacted with the objective of protecting the confidentiality of clients' healthcare information and set forth the conditions under which such information can be used, and to whom it can be disclosed. HIPAA privacy laws not only apply to healthcare providers and the organizations they work for, but to any

entity that may have access to healthcare information about a patient that—if it were to fall into the wrong hands—could present a risk of harm to the patient's finances or reputation.

59. Plaintiff has been injured by Defendant's conduct and have suffered damages as a result.

60. Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant are bound by industry standards to protect confidential Private Information.

61. Defendant breached its duties, and thus was negligent, by failing to use reasonable measures to protect Private Information, and by failing to provide timely notice of the Data Breach. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

    a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's Private Information;

    b. Failing to adequately monitor the security of Defendant's networks and systems;

    c. Allowing unauthorized access to Plaintiff's Private Information;

    d. Failing to detect in a timely manner that Plaintiff's Private Information had been compromised; and

    e. Failing to timely notify Plaintiff about the Data Breach so that he could take appropriate steps to mitigate the potential for public embarrassment and other damages

62. Mr. Cody Aucoin did not receive the full benefit of the bargain, and instead received services that were of a diminished value to that described in their agreements with Acadian Medical Center.

63. Mr. Cody Aucoin would not have obtained services from Acadian Medical Center had Defendant told him that it failed to properly train its employees, lacked procedures to notify of

notices, lacked safety controls over its computer network, and did not have proper data security practices to safeguard his Private Information from theft.

64. Acadian Medical Center did not properly train its employees to identify and avoid breaches of HIPPA disclosures.  Acadian Medical Center did not properly train its employees to be familiar the HIPPA and PHI rules and regulations.

65. As a result of the operating nurse's actions and or omissions, the initial shock and subsequent duress caused Mr. Cody Aucoin to physically move in a manner not advised after surgery— that further somewhat, *inter alia*, delayed his road to recovery.

66. In the days, following the incident, Mr. Cody Aucoin suffered personal, mental, and bodily injuries. Plaintiff retained the undersigned counsel shortly thereafter.

67. As a result of Defendants' failures to prevent the Data Breach, Plaintiff have suffered, will suffer, and are at increased risk of suffering:

   a. The compromise, publication, theft and/or unauthorized use of Cody Aucoin's Protected Health Information;

   b. Out-of-pocket costs associated with the prevention, detection, recovery and remediation from identity theft or fraud;

   c. The continued risk to his Private Information, which remains in the possession of Defendant and is subject to further breaches so long as Defendant fails to undertake appropriate measures to protect the Private Information in its possession;

   d. Current and future costs in terms of time, effort and money that will be expended to prevent, detect, contest, remediate and repair the impact of the Data Breach for the remainder of the lives of Plaintiff; and

   e. Anxiety and distress resulting fear of misuse of his Private Information.

68. Accordingly, Acadian Medical Center individually, and/or on behalf of Nurse A. Smith, R.N., are liable to Plaintiff for its negligent actions.

69. As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

### Count Three—Invasion of Privacy

70. Plaintiff incorporates the abovementioned paragraphs 1 through 69 by reference as though fully set forth herein.

71. "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." La. Const. art. I, § 5

72. In Louisiana jurisprudence, the right to privacy has been variously defined as "the right to be let alone" and "the right to an 'inviolate personality.'" *Pack v. Wise,* 155 So.2d 909, 913 (La. App. 3d Cir. 1963).

73. Where an individual has such a right, in the form of one of the interests outlined above, other members of society have a corresponding duty not to violate that right. A violation constitutes a breach of duty, or fault, and may be actionable under C.C. 2315, which provides that "(e)very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." *Jaubert v. Crowley Post-Signal, Inc.,* 375 So.2d 1386, 1388–89 (La.1979).

74. The Plaintiff had a reasonable expectation of privacy in and to the information concerning the accusations of misconduct in accordance with La. Const. Art. 1 § 5 and Louisiana jurisprudence regarding invasion of privacy.

75. The Defendant Nurse A. Smith, R.N. who communicated the information to the regarding his mental health that violated the Plaintiff's right to privacy under La. Const. Art. 1 § 5.

76. At all times relevant herein, Defendant Nurse A. Smith, R.N., used Mr. Cody Aucoin individual's name or likeness; (2) unreasonably intruded on disclosing Plaintiff's mental health status and job status; (3) gave publicity which unreasonably placed Mr. Cody Aucoin in a false light before the public; and (4) made unreasonable public disclosures of embarrassing private facts regarding his health.

77. The Private Information belonging to Mr. Cody Aucoin is private, private in nature, and was left inadequately protected by Acadian Medical Center, who did not obtain his consent to disclose such Private Information to any other person as required by applicable law and industry standards.  Acadian Medical Center, through its employees and agents, disclosed information about Plaintiff that was of an extremely personal, sensitive nature as a direct result of its inadequate security measures and improper training of its employees.

78. This breach was a direct and proximate result of Defendant Nurse A. Smith, R.N.,'s failure to (a) properly safeguard and protect Mr. Cody Aucoin's Protected Health Information from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and common law; (b) establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Mr. Cody Aucoin's Protected Health Information; and (c) protect against reasonably foreseeable threats to the security or integrity of such information.

79. Defendant Nurse A. Smith, R.N., had duty to use reasonable care in protecting Plaintiff's health information not only as a result of the statutes and regulations described above, but also because Defendant are bound by industry standards and federal laws to protect confidential Plaintiff's private health status.

80. As a result of the operating nurse's actions and or omissions, the initial shock and subsequent duress caused Mr. Cody Aucoin to physically move in a manner not advised after surgery— that further somewhat, *inter alia*, delayed his road to recovery.

81. As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

## Count Four— Intentional Infliction of Emotional Distress

82. Plaintiff incorporates the abovementioned paragraphs 1 through 81 by reference as though fully set forth herein.

83. Defendant Nurse A. Smith, R.N., committed Intentional Infliction of Emotional Distress ("IIED") against Mr. Cody Aucoin by spreading private and privileged statements in the public arena despite knowing they were private and privileged statements.

84. Defendant Nurse A. Smith, R.N., above-described conduct, including, but not limited to, his lodging of disclosing private medical information was extreme and outrageous.

85. Mr. Cody Aucoin has suffered and will continue to suffer severe emotional distress from these groundless assaults on his character.

86. Upon information and belief, Defendants and other named and unnamed defendants knowingly and willingly assisted Defendant Nurse A. Smith, R.N., in committing these tortious actions.

87. Accordingly, Defendants, are liable for the IIED against Mr. Cody Aucoin relative shares to be determined in accordance with either: (a) comparative fault under La. Civ. Code art. 2323; or (b) as solidary or joint tortfeasors under La. Civ. Code art. 2324.

## Count Five—*Respondeat Superior*

88. Plaintiff incorporates the abovementioned paragraphs 1 through 87 by reference as though fully set forth herein.

89.. All Defendants' acts described herein were undertaken in the course and scope of their employment with the Acadian Medical Center. Accordingly, Defendant Acadian Medical Center, is liable for all state law torts alleged herein.

### Count Six—*Vicarious Liability*

90. Plaintiff incorporates the abovementioned paragraphs 1 through 89 by reference as though fully set forth herein.

91. Louisiana Civil Code article 2320 governs the vicarious liability of masters and employers for the acts of their servants and overseers. That article provides that this liability arises when those employees occasion damage in the exercise of the functions in which they are employed, when the masters and employers might have prevented the act and have not.

92. "Vicarious liability rests in a deeply rooted sentiment that a business enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities." *Richard v. Hall*, 03-1443, p. 5 (La. 4/23/04), 874 So. 2d 131, 137. Thus, this liability is attributed to the employer's business by a close connection in time, space and causation to the employment functions. *LeBrane v. Lewis,* 292 So.2d 216 (La. 1974).[3]

93. Accordingly, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondent Superior; negligent entrustment; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Defendant Acadian Medical Center, is a proper party-defendant and is responsible for the negligence

---

[3] "Course" of employment refers to the time and place of an employee's work. *Comfort v. Monteleone,* 163 So. 670 (La.App. Orl. 1935). "Scope" of employment, on the other hand, inquires into whether the employee was engaged in the tasks for which he was hired. *Godchaux v. Texas & P. Ry. Co.,* 144 La. 1041, 81 So. 706 (1919). The Louisiana Supreme Court, in *Blanchard v. Ogima,* 253 LA. 34, 215 So. 2d 902 (1968), notes that the master-servant doctrine requires that a court inquire into the totality of the master-servant relationship rather than focusing on either "course" or "scope," but notes that article 2320 focuses attention primarily on the "scope" element.[3]

and/or liability attributed to Defendant Nurse A. Smith, R.N., and is further liable for any damages sustained by Mr. Cody Aucoin.

## V. DAMAGES

94. Based upon the above and foregoing, Count One through Count Six, Plaintiff sustained and seek the following non-exclusive damages against the Defendants:

   a. Physical Damages, past, present, and future;

   b. Mental Anguish, past, present, and future;

   c. Post-traumatic stress disorder;

   d. Embarrassment, humiliation and loss of enjoyment of life;

   e. Damage to professional and personal reputation;

   f. Attorney's fees; and

   g. Punitive Damages.

95. At all times alleged herein, Plaintiff acted in good faith, seeking to mitigate its damages.

## VI. DEMAND FOR JURY TRIAL

96. Plaintiff desires and demand a trial by jury on all issues so triable in this case pursuant to pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE, PETITIONER, CODY AUCOIN PRAYS** that:

   I. Defendants, **CLHG-ACADIAN LLC d/b/a ACADIAN MEDICAL CENTER and NURSE A. SMITH, R.N**, each be duly served with a copy of this Complaint and be cited to appear and answer hereto;

   II. Petitioner requests that he be entitled to damages that include but not be limited to, pain and suffering, mental anguish and, punitive damages, past and future medical expenses, all economic loss caused by the Defendants;

III. Petitioner requests an award of pre-judgment and post-judgment interest, as appropriate, at the highest rate allowed by law;

IV. After the lapse of all legal delays and due proceedings, there be judgment rendered herein in favor of the Plaintiff and against Defendants, **CLHG-ACADIAN LLC d/b/a ACADIAN MEDICAL CENTER and NURSE A. SMITH, R.N**, individually, *jointly, and in solido*, for such damages as are necessary to fully and fairly compensate Plaintiff, together with judicial interest from date of demand, for all costs of this suit, for expert witness fees, for penalties and attorney's fees as provided by law;

V. For Petitioner to be granted all further and different relief as the justice and equity of this case would require.

VI. Petitioner hereby demands a **trial by jury** for all counts so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/Shermin S. Khan

_____

**THE KHAN LAW FIRM, L.L.C.**
Shermin S. Khan (Bar Roll No. 37748)
s.khan@sklawla.com
2714 Canal Street, suite 300
New Orleans, LA 70119
Telephone Number: (504) 354-9608
Facsimile Number: (504) 459-2918
*Attorney for Plaintiff, Cody Aucoin*

19