UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CODY AUCOIN | CASE NO. 6:24-CV-01261 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| C L H G - ACADIAN L L C ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION [Doc. 15] filed by Defendants CLHG – Acadian, LLC d/b/a Acadian Medical Center ('AMC") and A. Smith, RN ("Smith"). Plaintiff Cody Aucoin filed an opposition [Doc. 18], to which Defendants replied [Doc. 19]. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that the instant motion be GRANTED, that Aucoin's federal claim under the Computer Fraud and Abuse Act, (CFAA) 18 U.S.C. § 1030, be DISMISSED WITH PREJUDICE, and that Aucoin's state law claims be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

### Factual and Procedural Background

On September 16, 2024, Aucoin filed suit in this Court alleging a violation of federal law under CFAA and state law claims of negligence and negligent supervision, invasion of privacy, intentional infliction of emotional distress, *respondeat superior*, and vicarious liability. [Doc. 1]. The complaint alleges federal question jurisdiction based on the CFAA claim. [*Id.*, ¶4].

In response, Defendants filed a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION. [Doc. 9]. Aucoin opposed the motion and included a request to amend his complaint. [Doc. 11]. This Court granted the motion to

1

amend, mooted the motion to dismiss, and noted that Defendants could refile their motion to dismiss once the amended complaint was filed. [Doc. 13].

On May 9, 2025, Aucoin filed an Amended Complaint[1] including all allegations from the original complaint and only adding allegations regarding the CFAA claim.[2] [Doc. 14]. The Amended Complaint alleges prior visits to AMC and, pertinent here, it alleges that Aucoin was admitted to AMC on October 3, 2023 "for ambulatory surgery to have a laparoscopic or open inguinal hernia repair for the purposes of repairing a defect in the abdominal wall in the groin." [*Id.*, ¶13]. Following the surgery, a "Surgical Service Interdepartmental Hand Off Report" was prepared, Aucoin was transferred from the care of the preoperative nurse to Smith for operative and post-operative care, and Smith "dressed" him before he returned to his residence "to recover and rest." [*Id.*, ¶¶13-17]. Shortly thereafter, Aucoin went to visit a longtime friend and became uncomfortable because the friend's grandchildren "kept on pointing and whispering amongst themselves." [*Id.*, ¶18]. After returning home, he was informed by his longtime friend that "the operating nurse who dressed him on October 3, 2023, had been going around telling people about private healthcare information around the groin/genitalia area of his body." [*Id.*, ¶20]. Aucoin, "[u]pset and feeling violated, … drove to Acadian Medical Center to file a grievance. . . ." [*Id.*, ¶22). On November 7, 2023, Kalyn Williams, AMC's Privacy Officer, informed Aucoin by letter of an "inadvertent disclosure" of his health information which she described as an "external unauthorized Disclosure." [*Id.*, ¶ 49]. Aucoin alleges that he did not give AMC or Smith permission to disclose personal healthcare information to third parties and that Smith disclosed information regarding his mental health status and job status, used his name or

---

[1] This pleading is still captioned as "Complaint for Damages." Despite the caption, it will be referred to herein as the "Amended Complaint."
[2] In fact, the first 52 paragraphs and the allegations pertaining to the state law claims are restated verbatim, including the typographical errors. *Compare* Doc. 1 at ¶89 and Doc. 14 at ¶105.

likeness, and made unreasonable public disclosures of embarrassing private facts regarding his health. [*Id.*, ¶50]. Aucoin seeks damages for personal, mental, and bodily injuries asserting that as a "result of the operating nurse's actions and or omissions, the initial shock and subsequent duress caused Mr. Cody Aucoin to physically move in a manner not advised after surgery—that further somewhat, *inter alia*, delayed his road to recovery." [*Id.*, ¶41]. He also seeks damages for the data breach which resulted in the compromise, publication, theft and/or unauthorized use of his private information and for costs associated with the prevention, detection, recovery and remediation from identity theft or fraud. [*Id.*, ¶¶43-47].

In response, Defendants filed the instant motion seeking dismissal of Aucoin's claims on the basis that this Court lacks subject matter jurisdiction and that the Amended Complaint fails to state a claim upon which relief may be granted. [Doc. 15]. Defendants specifically assert that since "there is no private right of action for a HIPAA violation and Plaintiff's Complaint fails to state a cognizable violation of the CFAA, this Court does not have subject matter jurisdiction." [*Id.*]. Aucoin opposes the motion, asserting that "the Amended Complaint states a plausible claim under the CFAA, as Nurse Smith's access and misuse of Mr. Aucoin's confidential electronic medical records—absent a legitimate medical purpose—constitutes 'exceeding authorized access' under 18 U.S.C. § 1030(e)(6)" and that "[c]ourts have held that misuse of legitimate access for non-medical, personal reasons may constitute a CFAA violation." [Doc. 18]. Aucoin further asserts that the state law claims are all closely related to this alleged unauthorized access and disclosure, arise from the same nucleus of operative facts, and are therefore properly before this Court under supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## **Applicable Standards**

Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, as here, it is subject to the same standard as a motion brought under Rule 12(b)(6).

3

*See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In either case, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane*, 529 F.3d at 557; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting C. Wright & A. Miller, 5C Federal Practice and Procedure 3d § 1216, pp. 235-36). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege

4

facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556).

## Analysis

Defendants' original Motion to Dismiss contended, *inter alia*, that Aucoin failed to state a viable CFAA claim. They contended first that Aucoin failed to sufficiently allege that Smith had accessed a computer without authorization or that she exceeded authorized access. [Doc. 9-2 at 6]. They further took issue with the universe of damages recoverable for a CFAA violation. [*Id.* at 6-8]. In sum, Defendants contend that Aucoin is alleging a violation of the Health Insurance Portability and Accountability Act (HIPAA) for which there is no private right of action. The re-urged motion filed in response to the Amended Complaint builds on the arguments in the original motion and again concludes that Aucoin is effectively asserting a HIPAA violation and not a CFAA claim. [Doc. 15].

The CFAA subjects to criminal liability "anyone who 'intentionally accesses a computer without authorization or exceeds authorized access,' and thereby obtains computer information." *Van Buren v. United States*, 593 U.S. 374, 379 (2021) (quoting 18 U.S.C. § 1030(a)(2)). Individuals or entities who suffer certain "damages" or "losses" from CFAA

violations also may sue violators for money damages and equitable relief. 18 U.S.C. § 1030(g). To state a plausible claim for relief under Section 1030(a)(2), a plaintiff must allege that (1) the defendant intentionally accessed a computer without authorization or exceeded its authorized access and (2) it suffered a covered loss or damage because of the violation. 18 U.S.C. § 1030(a); *Complete Logistical Servs., LLC v. Rulh*, 350 F. Supp. 3d 512, 521 (E.D. La. 2018). Defendants argue that Aucoin alleges neither.

The first prong of the analysis is intentional access "without authorization" or "exceed[ing] authorized access." Here, the Amended Complaint does not allege sufficient facts that Smith intentionally accessed a computer, obtained information therefrom, and put such information to improper use. The allegations pertaining to the CFAA claim asserted for the first time in the Amended Complaint are based predominantly "upon information and belief" and are directed to the allegations regarding access to a computer in general [Doc. 14, ¶59], that Smith intentionally accessed a computer [*Id.*, ¶61], that Smith intentionally accessed a computer without authorization or exceeding access [*Id.*, ¶62], and that Smith's communications regarding Aucoin's health information were "replayed through transmissions from a nonprotected computer," [*Id.*, ¶63]. The sufficiency of these allegations must be analyzed under the *Iqbal* plausibility standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (citations omitted).

Aucoin does not allege that Smith actually accessed a computer for the confidential health information that was allegedly relayed to Aucoin's friend. In fact, the Amended

6

Complaint does not allege *facts* suggesting that Smith accessed a computer at all. *See generally Prema Engineering S.R.L. v. Automobili Lamborghini S.P.A.*, 2025 WL 4072307 (W.D. Tex. Oct. 14, 2025) (recommending denial of motion to dismiss CFAA claim where plaintiff alleged that defendant had access to computer and identified actually downloaded data and software code). It merely concludes that Smith did so; in other words, it is a "sheer possibility" that Smith obtained the divulged information from a computer. All of the pertinent factual allegations are made "upon information and belief." This Court is mindful that a complaint may allege facts upon information and belief where the "belief is based on factual information that makes the inference of culpability plausible." *Barnett v. Patwardhan*, 2013 WL 1290201, at *1 (W.D. La. Mar. 28, 2013) (citation omitted). The plausibility argument here is further undercut by the type of information allegedly divulged. Aucoin alleges that he visited a friend on or about October 19, 2023 on a "social call" during which he became uncomfortable because the friend's grandchildren "kept on pointing and whispering amongst themselves." [Doc. 14, ¶18]. After having the grandchildren leave the room, Aucoin "was then informed by his longtime friend that the operating nurse who dressed him on October 3, 2023, had been going around telling people about private healthcare information *around the groin/genitalia area of his body*." [*Id.*, ¶¶19-20 (emphasis added)].

Aucoin does not allege that Smith divulged any information that one would assume is maintained on a hospital's computer system.[3] Rather, it is far more plausible that, assuming Smith divulged information about Aucoin's "groin/genitalia area of his body," she learned this information from firsthand observation of Aucoin during her treatment of him after surgery for "laparoscopic or open inguinal hernia repair for the purpose of repairing a defect in the

---

[3] If the divulged information was as amusing to the friend's grandchildren as Aucoin alleges, the information was likely not the mundane health information one would assume is kept on a hospital's computer.

7

abdominal wall in the groin." [*Id.*, ¶¶13, 16]. Aucoin's reference to a November 7, 2023 letter from Kalyn Willians, AMC's Privacy Officer, confirming an unauthorized disclosure of Aucoin's health information does not mandate a different conclusion since there is no reference to the unauthorized disclosure originating from Smith's use of or access to a computer. [*Id.*, ¶49]. Smith's divulging of information about Aucoin's "groin/genitalia area of his body" may constitute a HIPAA violation—for which Aucoin would not have a private right of action—and it must be noted that the Amended Complaint is replete with references to HIPAA. [*Id.*, ¶¶23-32, 74, 80]. This Court cannot conclude that Aucoin has sufficiently alleged that Smith—or anyone else for that matter—accessed a computer in the first place, much less that Smith accessed a computer without authorization or that she exceeded authorized access for purposes of asserting a CFAA violation. Given this finding, this Court need not address the second prong regarding the recoverable damages. As such, the Amended Complaint fails to state a claim for violating CFAA.

Subject matter jurisdiction in this Court was based upon federal question, *i.e.*, the CFAA claim. [Doc. 1, ¶4; Doc. 14, ¶4]. The above analysis pertained solely to Aucoin's CFAA claim and did not address the state law claims for negligence and negligent supervision, invasion of privacy, intentional infliction of emotional distress, *respondeat superior*, and vicarious liability. Since this Court finds that Aucoin fails to state a claim for a CFAA violation, this Court further recommends that the Court decline to exercise supplemental jurisdiction over the state law claims. Also, further amendment would be futile given the earlier grant of leave to Aucoin to amend.

## Conclusion

For the reasons stated above, this Court recommends that the MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION (Rec. Doc. 15) filed by Defendants CLHG – Acadian, LLC d/b/a Acadian Medical Center and A. Smith, RN

be GRANTED and that Plaintiff Cody Aucoin's claim under the Computer Fraud and Abuse Act be DISMISSED WITH PREJUDICE and that the remaining state law claims be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers on this 11th day of March, 2026.

_____
David J. Ayo
United States Magistrate Judge